## No. 518
## ASTON et al v. WEISS et al
Ohio Appeals, Ninth District, Summit County
No. 621. Decided March 9, 1923
This opinion has not been published except in Abstract.

MORTGAGES—(1) Priorities of record controlling unless party can prove different priority of lien—(2) Circumstances showing the failure to establish priorities different from dates of record.

Funk, Pardee and Washburn, JJ.

PER CURIAM.

### Epitomized Opinion

This was an action to determine the priority of mortgages. Aston and wife sold certain premises to Emanuel Weiss. On the day that the deed was delivered, Weiss paid to the Astons $6,000 and executed and delivered to them a mortgage on the property for $9,000. On the same day, Weiss executed and delivered to the Home Savings & Loan Co. of Galion, Ohio, a mortgage on the same premises for $6,500. Neither of these mortgages refered to the other, and in both mortgages the grantcr warranted the premises to be free and clear of incumbrances. The deed and mortgages were all filed for record on the same day. The deed was filed for record at 10:19 a. m., the Aston mortgage at 10:25, and the mortgage to the loan company was filed at 11:04 a. m. As the Common Pleas Court of Summit county held that the Aston mortgage took priority, the loan company appealed. In sustaining the lower court, the Court of Appeals held:

1. Where the record shows the priorities of mortgages, the burden of proof is upon the one asserting a different priority to prove it, and where the evidence leaves the point doubtful, the priorities will be adjudged according to the record.

2. As the loan company did not sustain the burden of proof, the priorities must be adjudged according to the record.

Attorneys—E. C. Myers, for Aston; Merle E. Rudy, for Loan Company.

---

## No. 519
## PETRICH v. PA.-OHIO ELECTRIC CO.
Ohio Appeals, 7th District, Mahoning County
Decided March 31, 1923
This opinion has not been published except in Abstract.

NEGLIGENCE — When passenger in automobile helps driver keep lookout for dangers, he is guilty of contributory negligence in failing to warn driver of danger which, by the exercise of ordinary care, he could have seen in time to prevent accident.

POLLOCK, J.:

### Epitomized Opinion

Plaintiff was a passenger in the front seat of an automobile which collided with an electric car of defendant. Plaintiff was injured and sued defendant for damages. The verdict in the Common Pleas Court was for defendant. The evidence disclosed that as the automobile approached the crossing, plaintiff told the driver that no electric car was in

sight. The Court of Appeals in affirming the judgment of the lower court held that:

1. When a passenger helped the driver keep a lookout for dangers, it was not prejudicial error for the trial court to charge that if by the exercise of ordinary care plaintiff could have learned of the approach of a street car in time to have warned the driver and prevented a collision, she was guilty of contributory negligence in failing to warn the driver.

---

## No. 520
## CLYNE et al v. STEEL
Ohio Appeals, First District, Hamilton County
No. 2208. Decided May 18, 1923
This opinion has not been published except in Abstract.

COMMISSIONS—Real estate sales—Commission—Verdict manifestly against weight of evidence.

Chittenden, Kinkade and Richards, JJ., Sixth District, Sitting

KINKADE, J.

### Epitomized Opinion

This was an action brought by Steel against Clyne and Lang to recover one-half of the commission claimed to be due to Steel for the sale of a farm belonging to Lang, which Steel claimed had been sold through the joint efforts of Clyne and himself. Clyne claimed that Steel did not assist in making the sale and therefore was not entitled to any commission. The evidence disclosed a written contract between the parties and was also in conflict as to whether or not there had been a modification of this written agreement. It also disclosed that Steel did very little in bringing about the sale of the Lang farm. The case was tried before Judge Hickenlooper of the Superior Court of Cincinnati. The jury returned a verdict in favor of plaintiff, whereupon the defendants prosecuted error. In reversing the judgment of the lower court, the Court of Appeals held:

1. That the verdict and judgment was manifestly against the weight of evidence in that the evidence failed to disclose that Steel had materially, substantially and directly aided in bringing about the sale of the Lang property to the purchaser, and therefore Steel was not entitled to a commission.

Attorneys—Freiberg & Geoghegan, for Clyne et al; Otto Pfleger, for Steel.